

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Ned Price, Chairman
Committee on Judicial District
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-6410
Re: Maximum compensation allowed
by law to the County Auditor for
Limestone County.

Your letter of January 10, 1945, requesting the opinion
of this department on the questions stated therein is, in part,
as follows:

"Limestone County according to the 1940 census had a pop-
ulation of 33,781, and value of all property as shown by the
State Comptroller's office was $14,995,970.

"What is the maximum salary allowed by law in this county
for County Auditor? . ."

Article 1645, Vernon's Annotated Civil Statutes, provides
for the appointment and compensation of County Auditors in coun-
ties having a population of 35,000 or more inhabitants according
to the last preceding Federal Census, or having a tax valuation
of Fifteen Million ($15,000,000) Dollars or more, according to the
last approved tax roll. Limestone County does not have either the
prescribed population or assessed tax valuation required by Arti-
cle 1645, to authorize the appointment of the County Auditor under
that Article.

Article 1646, Vernon's Annotated Civil Statutes, provides:

"When the commissioners' court of a county not mentioned
and enumerated in the preceding article shall determine that
an auditor is a public necessity in the dispatch of the county's
business and shall enter an order upon the minutes of said

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

court fully setting out the reasons for the necessity of
an auditor, and shall cause such order to be certified to
the district judges having jurisdiction in the county,
said judge or judges shall, if said reason be considered
good and sufficient, to appoint a county auditor as pro-
vided in the preceding article, who shall qualify and per-
forms all the duties required of county additors by the laws
of this state, and who shall receive as compensation for
his services as county auditor an annual salary of not more
than the annual total compensation and/or salary allowed or
paid the assessor and collector of taxes in his county, and
not less than the annual salary allowed such county audibor
under the general law provided in Article 1645, Revised Ci-
vil Statutes, as said article existed on January 1, 1940,
such salary of the county auditor to be determinded and fix-
ed by the district judge or district judges having jurisdic-
tion in the county, a majority thereof ruling, said annual
salary to be paid monthly out of the general fund of the Coun-
ty. The action of said district judge or district judges in
determining and fixing the salary of the county auditor shall
be made by order and recorded in the minutes of the district
court of the county and the clerk thereof shall certify the
same for observance to the commissioners' court which shall
be the cause of the same to be recorded in its minutes; af-
ter the salary of the county auditor has been fixed by the
district judge or district judges, no change in such salary
shall thereafter become effective until the beginning of the
next ensuing fiscal year of the county; provided, however,
any increase in the salary of any such county auditor over
and above the annual salary allowed such county auditor un-
der the general law provided in Article 1645, as said Arti-
cle existed on January 1, 1940, shall only be allowed and
permitted with the express consent and approval of the com-
missioners' court of the county whose county auditor is af-
fected or may be affected by the provisions of this act; such
consent and approval of such commissioners' court shall be
made by order of such court and recorded in the minutes of
the commissioners' court of such county. Provided, said dis-
trict judge or district judges shall have the power to dis-
continue the services of the county auditor as provided for
in this article at any time after the expiration of one (1)
year from the appointment, when it is clearly shown that such
auditor is not a public necessity, and his services are not

commensurate with his salary."

Article 1645, Vernon's Annotated Civil Statutes, as it existed January 1, 1940, read in part as follows:

"In any county having a population of thirty-five thousand (35,000) inhabitants, or over, according to the preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000) Dollars, or over, according to the last approved tax rolls, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be county auditor, who shall hold his office for two (2) years, and who shall receive as compensation for his services One Hundred and Twenty-Five Dollars ($125.00) for each million dollars, or major portion thereof from the assesses valuation, the annual salary to be computed from the last approved tax boll; said annual salary from county funds shall not exceed Three Thousand Six Hundred Dollars ($3,600) . . ."

It will be noted that Article 1646 provides in effect that the county auditor appointed under the provisions of said statute shall receive as compensation for his services as county auditor an annual salary of not more than the annual total compensation and/or salary allowed or paid the assessor and collector of taxes in his county and not less than the annual salary allowed such county auditor under the general law provided in Article 1645, as said article existed on January 1, 1940. According, to the tax valuation of Limestone county the annual salary or compensation of their county auditor under Article 1645, as said article existed on January 1, 1940, would be Eighteen Hundred and Seventy-five dollars ($1875.00). That is the minimum salary or compensation fixed by Article 1646. The annual maximum salary allowed the county auditor under article 1645 cannot be more than the amount allowed the assessor and collector of taxes in such county. The salary of the county auditor is to be fixed and determined by the district judge or district judges having jurisdiction in the county, and where there is more than one district judge, a majority ruling must be had in determining and fixing the salary of the county auditor. However, if there is any increase in the salary of the county auditor over and above the annual salary allowed the county auditor under the general law provided in Article 1645, as said article existed on January 1, 1940, the same shall only be allowed and permitted with the express consent and approval of the commissioners' court of the county whose county auditor is affected by the provisions of the act, and such consent and approval of such provisions of the act, and such consent and approval of such commissioners' court, shall be made by order of such court and recorded in the minutes of the commissioners' court of such county.

In other words, the salary of the county auditor is to be determined and fixed by the district judge or district judges having jurisdiction in the county, if there is and increase in the salary of the county auditor over and above the annual salary allowed such county auditor under the general law provided in article 1645, as said article existed on January 1, 1940, the increase in salary shall not be allowed or permitted without the express consent and approval of the commissioners' court of the county whose county auditor is affected.

Summarizing, you are advised; first that the minimum compensation of the county auditor of Limestone County, is Eighteen Hundred and Seventy-five Dollars ($1875.00) per annum, and that the maximum compensation of said county auditor cannot exceed the annual total compensation and/or salary allowed or paid the assessor and collector of taxes in Limestone County.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:zd:bg          APPROVED FEB. 9, 1945

Carlos C. Ashley (S)

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion
Committe

By BWB
chairman